Marr *v.* The State.

THOMAS S. MARR. *v.* THE STATE.

BANK OF TENNESSEE. *New Issue.* Notes of the Bank of Tennessee issued by the Bank subsequent to May 6, 1861, and not proven to be issued in aid of the rebellion, must be received in payment of all debts due the State.

FROM DAVIDSON.

Appeal in error from the Circuit Court of David-son county. FRANK T. REID, J.

R. McPhail Smith for Marr.

Attorney-General Lea and T. E. Mathews for the State.

Garner, Sp. J., delivered the opinion of the court.

F. C. Dunnington, as clerk of the Supreme Court at Nashville, collected in U. S. currency taxes on law-suits due the State, which he failed to account for and pay over, amounting, principal and interest, to January 1, 1880, together with 12½ per cent penalty, to $538.50.

Plaintiff in error was sued in the Davidson Circuit Court, as surety for Mr. Dunnington on his official bond, for the sum aforesaid. He plead a tender of said sum in Tennessee Bank Notes of the "New Issue," or "Torbett Issue," issued since May 6, 1861, and files said sum in said Issue in court with his plea. His Honor, the circuit judge, held that the tender was not good, and gave judgment against Marr. Marr's motion for a new trial being overruled, he appeals.

The proof shows that the notes tendered were genuine notes of the Bank of Tennessee, and there is no proof that they were issued in aid of the rebellion.

The case of Clark v. Keith, 4 Lea, 719, and 8 Lea, 703, affirmed by the Supreme Court of the United States, at its present term, MS. opinion by Chief Justice Waite, is conclusive of this case.

After protracted litigation, and very full discussion and most thorough consideration, that case decides that, under the 12th section of the charter of the Bank of

Tennessee, acts of 1837-8, chapter 107, page 153, the genuine notes of the Bank of Tennessee, whether issued *before* or *after* May 6, 1861, and not proven to have been issued in aid of the rebellion, shall be receivable at the *Treasury of the State*, and by *all tax collectors* and *other public officers*, in *all* payments for *taxes* and *other moneys* due the State.

It follows that the tender by Marr was good, and there was error in the action of his Honor, the circuit judge, in holding to the contrary.

The judgment will be reversed. Marr will pay the costs of the circuit court accrued up to the filing of his plea of tender. The balance of said costs, and the costs of this court, will be paid by the State of Tennessee.